IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| BOBBY MALLOY, | ) | No. CV-F-08-1362 OWW/DLB |
| | ) | |
| | ) | MEMORANDUM DECISION GRANTING |
| Plaintiff, | ) | DEFENDANT'S MOTION TO |
| | ) | TRANSFER VENUE (Doc. 13) |
| vs. | ) | |
| | ) | |
| McDONALD'S CORPORATION, et al., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

On September 10, 2009, Plaintiff Bobby Malloy, represented by David Washington, filed a Complaint for Damages. Plaintiff, alleged to be a California resident, alleges that he was injured by a fall on September 10, 2008 at a McDonald's Restaurant in Holbrook, Arizona; that Plaintiff suffered a torn rotary cuff, torn supraspinatus and infraspinatus tendons; required surgery; and that the surgery resulted in loss of mobility and an increase in pain. Defendants are McDonald's Corporation, a Delaware corporation, with its principle place of business in Oak Brook,

1

Illinois, and which conducts business by operating fast food restaurants in all the states of the United States, and Martinez Management, Inc. dba McDonald's, a "business entity of unknown form with its principle place of business in Holbrook, Arizona." The Complaint alleges that jurisdiction is based on diversity of citizenship and that venue is proper in the Eastern District of California pursuant to 28 U.S.C. § 1391(a).

On March 10, 2009, Defendants filed a motion to transfer for improper venue pursuant to 28 U.S.C. § 1406(a) or, in the alternative, to transfer venue for convenience pursuant to 28 U.S.C. § 1404(a).

Plaintiff did not file a response to the motion. Court staff spoke with Mr. Washington on Monday, April 29, 2009. Mr. Washington advised he had recently moved his office and did not receive a copy of the motion. Because Mr. Washington is registered for electronic filing, the motion was electronically filed, and Mr. Washington has been receiving email notifications of filings in this action, his excuse rings hollow. Mr. Washington advised that he had spoken with Defendants' counsel, who agreed to allow Plaintiff to file an opposition in a "day or two." Defendants' counsel stated at the hearing that he had told Mr. Washington that Defendants would not object to a late filed opposition. Court staff, however, told Mr. Washington that Court had a sizeable calendar on May 4, that the late filing would preclude the filing of a reply brief and delay the Court's preparation for the hearing, and that Mr. Washington should

obtain a stipulation from Defendants' counsel to continue the motion.  On 11:00 a.m. Friday, May 1, 2009,  Mr. Washington advised Court staff that he had not been able to reach Defendants' counsel.  Mr. Washington was told that he should appear at the hearing on May 4, 2009.  No appearance was made at the hearing by Plaintiff or on behalf of Plaintiff.

     A.   <u>MOTION TO TRANSFER FOR IMPROPER VENUE</u>.

28 U.S.C. § 1406(a) provides that "[t]he district courts of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1391 provides:

> (a) a civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.
>
> ...
>
> (c) For purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced.

Defendants present declarations averring that Martinez Management, Inc. is an Arizona corporation with its principle

place of business if Pinetop, Arizona; that Martinez Management, Inc. owns and operates multiple McDonald's franchise restaurants in Arizona, including the restaurant in Holbrook, Arizona, where Plaintiff was allegedly injured; that the franchisee of the subject restaurant is Abelardo Martinez, Jr. Family Trust; that McDonald's Corporation does not own, operate or control the restaurant business where the incident is alleged to have occurred; and that Martinez Management, Inc. is not incorporated in California, has not qualified to do business in California, and has no subsidiary incorporated or qualified to do business in California.

Defendants argue that, although McDonald's Corporation has been named as a defendant, the only potentially culpable defendant is Martinez Management, Inc. Whether or not McDonald's Corporation remains a defendant in this action, the only state in which all defendants reside in this matter is Arizona. Defendants contend, using the "residence" test in Section 1391(a)(1) to determine venue, the proper venue is the United States District Court for the District of Arizona.

With regard to Section 1391(a)(2), all of the events or omissions giving rise to Plaintiff's claim occurred in Holbrook, Arizona. Therefore, Defendants argue, pursuant to the test set forth in Section 1392(a)(2), venue is proper in the United States District Court for the District of Arizona.

Defendants' motion to transfer venue to the United States District Court for the District of Arizona is GRANTED.

## B. MOTION TO TRANSFER VENUE FOR CONVENIENCE.

Defendants alternatively move to transfer venue to the United States District Court for the District of Arizona for convenience.

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The Court is given broad discretion to transfer a case to another district where venue is also proper. *Sparling v. Hoffman*, 964 F.2d 635, 639 (9th Cir.1988). The goal behind Section 1404(a) "is to prevent waste of time, energy, and money, and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964). The defendant has the burden of making a "strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." *Decker Coal v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir.1986).

"Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an "'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). "Three factors are in the inherently broad discretion of the Court, allowing the Court to consider the particular facts of each case: convenience of the *parties*, convenience of the *witnesses*, and *interest of justice*." *E. & J. Gallo Winery v. F.*

*& P. S.P.A.,* 899 F.Supp. 465, 466 (E.D.Cal.1994). These factors break down to a number of relevant considerations: convenience of witnesses, judicial economy, relative ease of access to proof, and availability of compulsory process. *Id*. The Court may consider: (1) the location where the relevant agreements were negotiated and executed; (2) the state that is most familiar with the governing law; (3) the plaintiff's choice of forum; (4) the respective parties' contacts with the forum; (5) the contacts relating to the plaintiff's cause of action in the chosen forum; (6) the differences in the costs of litigation in the two forums; (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses; and (8) the ease of access to sources of proof. *Jones v. GMC Franchising, Inc.*, 211 F.3d 495, 498-499 (9th Cir.), *cert. denied*, 531 U.S. 928 (2000).

"Generally, the court affords plaintiff's choice of forum great weight ... However, when judging the weight to be given to plaintiff's choice of forum, consideration must be given to the respective parties' contact with the chosen forum. 'If the operative facts have not occurred within the forum and the forum has no interest in the parties or subject matter,' plaintiff's choice 'is entitled only minimal consideration.'" *DeFazio v. Hollister Employee Share Ownership Trust*, 406 F.Supp.2d 1085, 1088 (E.D.Cal.2005), citing *Lou v. Belzberg,* 834 F.2d 730, 739 (9th Cir.1987), *cert. denied*, 485 U.S. 993 (1988).

As to convenience of the witness, Defendants submit the declaration of Kendal Ybarra, general manager for Martinez

6

Management, Inc.:

    3. At the time of the alleged incident I had been the General Manager of the subject restaurant for approximately twenty (20) months. My job duties as General Manager of the subject restaurant included overseeing the hiring, training and scheduling of the restaurant staff, and inspection and maintenance of the restaurant premises. I was also responsible to see that all records necessary to the operation of the restaurant were properly prepared and kept. As a General Manager I was also responsible for insuring that any accidents occurring in or on the restaurant premises that came or were brought to the attention of the restaurant staff were properly reported. In the course of performing my job duties as General Manager, I became and am thoroughly familiar with the premises of the subject restaurant, including the specific location of the alleged incident, and am also knowledgeable with regard to whether any other incidents similar to the one alleged by plaintiff had ever come to the attention of Martinez Management, Inc. prior to the subject incident.

    4. I reside in Winslow, Arizona. I except that should this matter proceed to trial my testimony may include the following matters: procedures for inspection and maintenance of the restaurant premises; condition of restaurant premises, including the specific location of the alleged incident; history of the subject premises with respect to other similar incidents, if any.

    5. The following are the names and addresses of all persons known to be percipient witnesses to any of the matters raised in the pleadings in this action, and the matters upon which they are expected to testify:

    (A) Bertha Martinez resides in Holbrook, Arizona. At the time of the alleged incident, Ms. Martinez was on duty as the shift manager of the subject restaurant. Her testimony is expected to include the following matters: how the incident was

7

>           initially reported to the restaurant staff
>           and by whom; what was said by and to
>           plaintiff and/or by the persons, if any, who
>           saw the incident occur; report(s) prepared by
>           or on behalf of defendant relating to the
>           alleged incident.
>
>                (B) Javier Aguilar resides in
>           Holbrook, Arizona. At the time of the
>           alleged incident, Mr. Aguilar was employed as
>           a maintenance person for the subject
>           restaurant. His testimony is expected to
>           include the following matters: practices and
>           procedures relating to upkeep and maintenance
>           of the subject restaurant premises; the
>           condition of the subject premises, including
>           the specific location of the alleged incident
>           at the time it occurred.
>
>           6.   The interests of justice and the
>           convenience of the parties and witnesses
>           would be served by transferring this action
>           to the District of Arizona for the following
>           reasons:
>
>                (A) It would be burdensome and
>           inconvenient for witnesses Bertha Martinez
>           and Javier Aguilar to attend trial in
>           California because of the expense of travel
>           and time away from their jobs and other
>           pursuits.
>
>                (B) All of defendant's records
>           relevant to the issues in dispute in this
>           matter are located in the district to which
>           transfer is sought.

Defendants' motion to transfer for convenience is GRANTED. The alleged incident causing Plaintiff's injury occurred in Arizona; other than Plaintiff, the witnesses to the alleged incident and the property on which the incident occurred are located in Arizona. Plaintiff's interest in litigating this action in the Eastern District of California is minimal given these circumstances. Judicial economy and ease of access to

proof weigh in favor of transfer.

## CONCLUSION

For the reasons stated:

1. Defendants' motion to transfer venue from the United States District Court for the Eastern District of California to the United States District Court for the District of Arizona is **GRANTED**;

2. Defendants' counsel shall prepare and lodge a form of order consistent with this Memorandum Decision within five (5) court days of service of this Memorandum Decision.

IT IS SO ORDERED.

Dated:   May 6, 2009                         /s/ Oliver W. Wanger
                                          UNITED STATES DISTRICT JUDGE

